IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DANA R. SANFORD**,

       Plaintiff,

vs.                                                                            No. 10-CV-704 JAP/RHS

**MICHAEL J. ASTRUE**,
**Commissioner of Social Security,**

       Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## ANALYSIS AND PROPOSED DISPOSITION

Plaintiff Dana R. Sanford filed a lawsuit requesting that this Court review the Social Security Administration's decision to deny him disability benefits and filed a Motion to Reverse and Remand for Payment of Benefits, Or in the Alternative, for Rehearing, with Supporting Memorandum (Doc. 17). The motion became fully briefed on March 29, 2011. Magistrate Judge Robert Hayes Scott examined the 365-page administrative record and briefs submitted by the parties. Judge Scott recommended upholding the Social Security Administration's decision to deny benefits and filed the Magistrate Judge's Analysis and Proposed Disposition (Doc. 21) on May 23, 2011. Plaintiff Sanford disagreed with the proposed disposition and filed Objections to Magistrate Judge's Analysis and Proposed Disposition (Doc. 22) on June 2, 2011. The Social Security Administration then filed Defendant's Response to Plaintiff's Objection to Report and Recommendation (Doc. 24) on July 5, 2011.

After a *de novo* review of the objections and the response, this Court finds that the Magistrate Judge's Analysis and Proposed Disposition should be adopted in its entirety.

Plaintiff's objections raised a few points which are worth examining here, even though they do not persuade me to modify the proposed disposition.

**Step Three**

At step three[1] of the five-step sequential analysis, the Administrative Law Judge (ALJ) found that Plaintiff Sanford did not satisfy the regulatory impairment listings. (AR 19). Plaintiff argued to the Magistrate Judge that, "As discussed above, the ALJ should have given controlling weight to Dr. Hauser's opinion that Mr. Sanford has also a marked limitation in his ability to complete a normal workday and workweek and perform at a consistent pace." Mot. At 16. Plaintiff argues that if controlling weight had been given to this opinion, Plaintiff would have satisfied the listing. Unfortunately, it is not entirely clear where in the preceding 16 pages of the Motion Plaintiff analyzed this issue by applying law to Plaintiff's facts. Because I cannot find a convincing reason to explain how the ALJ erred in not giving controlling weight to the treating physician in either Plaintiff's motion to reverse and remand or in his objections, I cannot conclude that the ALJ erred in determining that Plaintiff did not satisfy the listing.

**Step Four – Residual Functional Capacity Assessment**

At step four, the ALJ determined that Plaintiff Sanford had the residual functional capacity to work, although the ALJ limited Plaintiff to simple work. (AR 20). Plaintiff

---

[1] The ALJ's decision, the Magistrate Judge's Analysis and the Social Security Administration's briefing generally present information in the same order as the five-step sequential analysis in the Social Security regulations. Plaintiff's counsel is encouraged to follow the same order because it assists the Court in a thorough review of Plaintiff's argument for each step.
    Additionally, using a heading for each enumerated step and ensuring that citations to legal authority and to the record for each step appear below the heading for that step may help the Magistrate Judge identify and address counsel's arguments. Plaintiff expressed concern that the Magistrate Judge did not evaluate all of his arguments; this format could help the Magistrate Judge more easily locate counsel's arguments in their entirety.

disagrees with the ALJ and disagrees with the Magistrate Judge's analysis that supports the ALJ's decision. Objections at 1-4. The ultimate concern of this Court is whether the ALJ erred with regard to denying benefits, not whether the Magistrate Judge erred in analyzing the ALJ's decision. Despite this, Plaintiff's objections raise the issue that the Magistrate Judge erred by not addressing whether Haga v. Astrue, 482 F.3d 1205 (10th Cir. 2007), applied to the ALJ's decision at step four. Plaintiff cites Haga v. Astrue for the idea that a claimant's activities for two to six hours per day are insufficient to indicate an ability to work eight hours a day, five days a week. Plaintiff's discussion of this case is one sentence in a 19-page motion (Doc. 17) and there is not an explanation of how Haga v. Astrue demonstrates legal error by either the ALJ or the Magistrate Judge. Legal error by the ALJ is also not apparent from reviewing the ALJ's decision regarding Plaintiff's residual functional capacity (AR 20-24) because it appears that the ALJ considered many factors and did not unduly rely on the facts regarding what Plaintiff could do for part of a day. In sum, the citation to Haga v. Astrue does not change the residual functional capacity assessment.

Plaintiff also objects to the Magistrate Judge's analysis that the ALJ appropriately dealt with the treating physician's opinion (Proposed Disposition at 6-7). The treating physician opined that Plaintiff had a "marked limitation" in only one of 20 areas that he evaluated. Plaintiff complained that the Magistrate Judge did not address the other areas, but Plaintiff has not explained how a discussion of the other 19 areas without marked limitations could point to the Plaintiff being considered unable to work. Therefore I am unable to agree with Plaintiff that there is any error in the concise way that the ALJ and the Magistrate Judge addressed the treating physician's opinion.

Plaintiff objects to the fact that the Magistrate Judge did not remand the case so that the ALJ could re-contact the treating physician.  Plaintiff had cited White v. Barnhart, 287 F.3d 903 (10th Cir. 2002), in his Motion to Reverse and Remand (Doc. 17 at 8) for the idea that the ALJ was required to re-contact the physician.  However, nowhere in Plaintiff's motion does Plaintiff discuss this case and how this precedent could apply to the case here.  Contrary to Plaintiff's position, in White the Tenth Circuit concluded that the ALJ did not need to re-contact the treating physician.  Given the lack of explanation provided to the Magistrate Judge regarding how the ALJ erred, I cannot conclude that the ALJ made a mistake in rendering a decision on the treating physician opinion that he had in front of him.

**Step Four – Credibility Determination**

Plaintiff objects that the Magistrate Judge engaged in a post hoc analysis of the ALJ's determination that Plaintiff was not creditable.  For example, Plaintiff notes the Magistrate Judge cited to Plaintiff's Lexapro usage.  However, the ALJ also cited to Plaintiff's Lexapro usage, on the same page and in the same section where the ALJ declared that Plaintiff was not credible.  Given that the Magistrate Judge cited the same information as the ALJ, it is hard to concur with Plaintiff that any post hoc rationale was used.

As mentioned above, the crux of the objections should be about the ALJ's alleged error in denying benefits, not the Magistrate Judge's alleged error in analyzing the ALJ's decision.  In this case, Plaintiff has not made a persuasive argument that the ALJ -- who is the only judge in this process who had the opportunity to meet and examine Plaintiff -- erred in assessing Plaintiff's credibility.

**Step Five**

At step five, Plaintiff objects to the Magistrate Judge's comment that Plaintiff did not point to any evidence that Plaintiff could not work with a colleague.  Plaintiff objects because at

step five the burden of proof is on the Social Security Administration to show that other jobs exist for the claimant rather than on the claimant to show that he cannot perform any sort of work. However, Plaintiff does not raise any issue at step five regarding whether the ALJ erred in deciding that other work existed for Plaintiff, which is the chief concern at this stage. Without any objection to the ALJ's decision that other work existed for Plaintiff, I cannot find that the ALJ erred at step five.

    IT IS ORDERED that the Magistrate Judge's Analysis and Proposed Disposition (Doc. 21) is adopted and that the Social Security Administration's decision is affirmed.

    IT IS FURTHER ORDERED that Plaintiff's Motion to Reverse or Remand (Doc. 17) is denied and that this civil proceeding is dismissed with prejudice.

                                             */s/ James A. Parker*
                                        JAMES A. PARKER
                                        UNITED STATES DISTRICT JUDGE